JAMES F. McKAY III, Judge Ad Hoc.
| ¶This action was filed by Rickey Barnes, an inmate seeking review of a disciplinary *659 decision of the Disciplinary Board of the Louisiana Department of Public Safety and Corrections (DPSC). The district court, upon the recommendation of the Commissioner, rendered judgment in favor of the DPSC and against the inmate at his cost. We affirm.
Rickey Barnes, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, assigned prisoner # 119466, housing assignment JSK3/L, Disciplinary Board Appeal No. LSP-2003-14271-W, and housed in the Louisiana State Penitentiary in Angola, Louisiana, appeals the district court’s judgment, rendered in accordance with LSA-R.S. 15:1178, as well as LSA-R.S. 15:1184,1187, and 1188 of the Prison Litigation Reform Act, dismissing his claims against the DPSC, and others.
The appellant was cited by prison officials for violation of Disciplinary Rules # 3-Defiance; Rule # 1-Contraband; Rule # 5-Aggravated Disobedience, and another Rule # 5-Aggravated Disobedience. A full hearing on the infractions was held on August 1, 2003, before the Disciplinary Board where he was found guilty of all charges. He was | ^imposed a 30-day cell confinement on each report for a total of 90 days cell confinement on all charges.
The appellant filed a request for relief with the 19th Judicial District Court pursuant to LSA-R.S. 15:1177, challenging the decision of the Disciplinary Board. On August 19, 2003, Dora Rabalais of the Legal Programs Department notified the appellant of his appeal number. On September 17, 2003, the appellant was advised by the Legal Programs Department that the response to his appeal was delayed beyond the allowed thirty-day period.
On June 30, 2004, Warden Burl Cain denied the appellant’s appeal from the Disciplinary Board’s decision. On July 28, 2004, an answer was filed on behalf of the defendant in response to Rickey Barnes’ petition.
The matter was docketed to the district court for review in case # 52008, Section 8, which resulted in a signed Commissioner’s Recommendation on June 20, 2005.
A hearing was held before the Commissioner on April 11, 2005. On June 20, 2005, the Commissioner issued a report, “Commissioner’s Recommendation.” In this report the Commissioner found that the appellant had not demonstrated that he was prejudiced by the delay complained of as no good time was taken as a penalty. The Commissioner also found that the appellant was sentenced to a more restrictive housing and custody status but there was no loss of good time that would result in any increase in the amount of time the appellant would spend in custody. Furthermore, the penalty imposed did not constitute an “atypical” deprivation or prejudice of the appellant’s substantial right as required by LSA-R.S. 15:1177(A).
|3On July 26, 2005, a judgment was rendered dismissing the appellant’s request for judicial review, with prejudice. In its judgment the district court adopted as its reasons the Commissioner’s Report.
On September 15, 2005, an order was entered granting the appellant a devolutive appeal to the 1st Circuit Court of Appeal from the judgment of July 26, 2005.
After a careful review of the record before this Court, we agree with the judgment of the district court. Considering the foregoing, and in accordance with the Uniform Courts of Appeal Rules 2-16.2(A) (4), (5), and (6), the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.